# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| G & S BESHAY TRADING CO., LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>7-ELEVEN, INC.,<br><br>　　　　Defendant,<br><br>v.<br><br>GEORGE BESHAY<br><br>　　　　Third-Party Defendant. | Civil Action No.<br><br>18-cv-03909 (EP) (JRA)<br><br>**REPORT AND RECOMMENDATION** |

## I.　INTRODUCTION

Plaintiff G & S Beshay Trading Co., LLC ("G & S Beshay"), sued Defendant 7-Eleven, Inc. ("7-Eleven"), in state court in connection with a dispute over a franchise agreement. 7-Eleven removed the case to this District Court and, in connection with the same franchise agreement, filed a counterclaim against G & S Beshay and a third-party complaint against G & S Beshay's sole member, George Beshay (collectively, the "Beshay Parties"). After considering a motion for summary judgment, the District Court dismissed G & S Beshay's claims against 7-Eleven, but not 7-Eleven's claims against the Beshay Parties. Now the Beshay Parties ask this Court to decline to exercise supplemental jurisdiction over 7-Eleven's claims and to dismiss this action for lack of subject matter jurisdiction. ECF No. 67. The Honorable Evelyn Padin, U.S.D.J., referred this application to this Court for a Report and Recommendation. This Court has considered the application on the papers and without oral argument.

*See* Fed. R. Civ. P. 78(b); L.Civ.R. 78.1(b).  For the reasons discussed below, this Court respectfully recommends that the Beshay Parties' request be **DENIED**.

## II. BACKGROUND

On February 12, 2018, G & S Beshay filed a complaint in the Superior Court of New Jersey, Law Division, Bergen County, asserting claims for fraud in the inducement, breach of the implied covenant of good faith and fair dealing, and breach of contract against 7-Eleven arising from a franchise agreement between the parties. *See generally* Compl., ECF No. 1–2.  On March 21, 2018, 7-Eleven removed the action to this District Court based on diversity jurisdiction.  ECF No. 1 ¶ 1.  G & S Beshay did not move for or otherwise request that the instant action be remanded to state court.  On January 23, 2019, following resolution of an earlier-filed motion to dismiss, 7-Eleven filed its Answer along with counterclaims against G & S Beshay and a third-party complaint against its sole member, George Beshay, based on alleged breaches of the same franchise agreement.  *See generally* ECF No. 20.  7-Eleven seeks to recoup approximately $42,123.88 from the Beshay Parties.  *Id.*

Since the action's removal nearly five years ago, the parties completed discovery, the Court has held almost a dozen conferences with the parties consisting of status and settlement conferences, decided a motion to dismiss, decided a motion for summary judgment, and held a final pretrial conference.  At this stage, the case is nearly ready to proceed to trial.

In preparation for, and during the final pretrial conference with this Court on November 30, 2022, the Beshay Parties questioned for the first time whether this

Court has subject matter jurisdiction. *See* ECF No. 66. They highlight that, on May 20, 2022, the Honorable Esther Salas, U.S.D.J., granted 7-Eleven's motion for summary judgment as to G & S Beshay's claims—the ones that gave rise to diversity jurisdiction—and that at this point, only 7-Eleven's claims against the Beshay Parties remain. ECF No. 67 at 1. According to the Beshay Parties, because 7-Eleven's claims seek damages in the amount of $42,123.88—below the $75,000 threshold under 28 U.S.C. § 1332(a)—this Court lacks jurisdiction. *Id.* at 3. 7-Eleven argues that this Court should exercise supplemental jurisdiction over its claims notwithstanding that its damages fall below the jurisdictional threshold. ECF No. 68 at 2-7.

On November 30, 2022, the Court granted the parties leave to file letters setting forth their respective positions regarding whether this Court should exercise supplemental jurisdiction over 7-Eleven's claims. ECF No. 66. The parties filed their respective letters and the matter is now ripe for disposition. ECF Nos. 67, 68, 69.

### III.  DISCUSSION

A decision to remand or dismiss is dispositive. *In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction . . . ."). Accordingly, this Court addresses the parties' letters via this Report and Recommendation.

#### A. Subject Matter Jurisdiction Upon Removal.

In their letter motion filed December 7, 2022, the Beshay Parties question whether this Court had subject matter jurisdiction over this action once they filed the Amended Complaint on January 7, 2019. ECF No. 67 at 3. Specifically, they claim

that the Amended Complaint does not allege an amount in controversy above $75,000. *Id.* Although they raise this argument in passing and without any significant analysis, this Court has an independent obligation to determine whether subject matter jurisdiction exists. *Simmsparris v. Neary*, No. 10-cv-5492, 2011 WL 2470475, at *2 (D.N.J. June 20, 2011) ("It is the 'duty of federal courts to examine their subject matter jurisdiction at all stages of the litigation *sua sponte* if the parties fail to raise the issue.'" (quoting *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388-89 (3d Cir. 2002))).

Congress confers original jurisdiction upon federal courts "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a). No one disputes that at the time of removal G & S Beshay's sole member and Third-Party Defendant, George Beshay, was a citizen of New Jersey and that 7-Eleven was incorporated in Texas and maintained a principal place of business in Irving, Texas. *See* ECF No. 1 ¶ 3; Compl. ¶¶ 1-2. Thus, the Court finds that the parties were citizens of different states. *See Dimanche v. La Brise Gen. Contractor*, No. 21-cv-09596, 2021 WL 1601158, at *2 (D.N.J. Apr. 23, 2021) ("Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the complaint was filed." (quoting *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995))); *Zambelli Fireworks Mfg. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("[T]he citizenship of partnerships and other unincorporated associations is determined by the

citizenship of its partners or members." (citing *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008))).

Citizenship is only part of the analysis, however. Courts also must be satisfied that the amount in controversy between the parties "exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." § 1332(a). The amount in controversy should be discerned "by consulting the face of the complaint and accepting the plaintiff's good faith allegations." *Folger v. Navy Fed. Credit Union*, No. 22-cv-00198, 2022 WL 16709796, at *2 (D.N.J. Nov. 4, 2022) (citing *Douglas v. Joseph*, 656 F. App'x 602, 604 (3d Cir. 2016)). "[A] court can dismiss the case only if there is a legal certainty that the plaintiff cannot recover [the jurisdictional amount]." *Coulter v. Paul Laurence Dunbar Cmty. Ctr.*, 685 F. App'x 161, 164 (3d Cir. 2017) (quoting *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997)).

The original complaint alleged that G & S Beshay suffered losses in excess of $80,000, thus satisfying the amount in controversy for purposes of diversity jurisdiction. Compl. ¶¶ 47-48. The Beshay Parties note, however, that "the [A]mended [C]omplaint does not allege any claims above the threshold point of $75,000." ECF No. 67 at 3. As the *Folger* court noted, a plaintiff may "reduce his claim, but doing so does not divest this Court of subject matter jurisdiction" where diversity jurisdiction was established at the time of removal. *See Folger*, 2022 WL 16709796, at *3; *see also Mahoney v. Harrah's Atlantic City Operating Co.*, No. 21-cv-12726, 2021 WL 4482777, at *2 (D.N.J. Sept. 30, 2021) ("It is Plaintiff's prerogative to limit the damages she seeks at any time, but a change in that position after a

5

proper removal does not divest the Court of subject matter jurisdiction over her case."). Because diversity jurisdiction existed at the time of removal, the Court may end the analysis here. G & S Beshay's subsequent attempt to lower its recovery below the $75,000 threshold by filing an Amended Complaint did not divest this Court of subject matter jurisdiction.[1] *See Farren v. FCA US, LLC*, No. 17-cv-05364, 2018 WL 372168, at *2 (D.N.J. Jan. 11, 2018) (noting that the parties' post-removal agreement that plaintiffs' damages would not exceed $74,999.99 was insufficient to extinguish the District Court's subject matter jurisdiction).

### B. The Court Will Exercise Supplemental Jurisdiction Over 7-Eleven's Claims.

Now that the claims over which this Court had original jurisdiction were dismissed—G & S Beshay's claims against 7-Eleven—the parties dispute whether this Court should exercise supplemental jurisdiction over the remaining claims—the ones that 7-Eleven has asserted against the Beshay Parties but fall below the $75,000 threshold required for diversity jurisdiction. This Court finds that it is appropriate to exercise supplement jurisdiction in this case.

The supplemental jurisdiction statute provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). Where, however, "the district court has

---

[1] 7-Eleven argues that the Amended Complaint did allege damages in excess of $75,000. ECF No. 68 at 7 n.1. The Court need not engage in that analysis because even if the Beshay Parties' Amended Complaint sought less than $75,000 in damages, this Court's conclusion would be the same.

dismissed all claims over which it has original jurisdiction," it "**may** decline to exercise supplemental jurisdiction" over the remaining claims. § 1367(c)(3) (emphasis added). Clearly, Section 1367(c)(3) confers courts with discretion to exercise supplemental jurisdiction following dismissal of the claims over which it had original jurisdiction. *See Telquest Int'l v. Dedicated Bus. Sys.*, No. 06-cv-5359, 2009 WL 3234226, at *2 (D.N.J. Sept. 30, 2009) (electing to exercise supplemental jurisdiction after federal claims were dismissed). When exercising that discretion, courts should consider "judicial economy, convenience, and fairness to the parties . . . ." *Lopresti v. Cnty. of Lehigh*, 572 F. App'x 133, 135 (3d Cir. 2014) (quoting *Bright v. Westmoreland Cnty.*, 443 F.3d 276, 286 (3d Cir. 2006)).

Here, judicial economy, convenience, and fairness to the litigants weigh in favor of exercising supplemental jurisdiction. That is so because the action has been pending in this Court for nearly five years, the Court has decided a motion to dismiss and a motion for summary judgment, the parties have completed discovery, the Court has held almost a dozen conferences, and the case is nearly ready to be tried. *See Skidmore v. Virtua Health Inc.*, No. 11-cv-503, 2012 WL 2369357, at *2 (D.N.J. June 21, 2012) (exercising supplemental jurisdiction where discovery was completed, a summary judgment motion was pending, and where the state law claim was "part of the same case and controversy" as the dismissed federal claim). Moreover, 7-Eleven's claims are intertwined with the claims that gave this Court original jurisdiction because all the claims arise from the same franchise agreement. Remanding this case to state court at this stage would be unfair to the parties and would further delay

the resolution of a case that is already five years old. For these reasons, the Court respectfully recommends that the District Court exercise supplemental jurisdiction over 7-Eleven's claims.

## IV.  CONCLUSION

For the reasons set forth above, the Court respectfully recommends that the District Court **DENY** the Beshay Parties' request to decline to exercise supplemental jurisdiction over 7-Eleven's claims. The parties have fourteen days to file and serve objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); L.Civ.R. 72.1(c)(2).

HON. JOSÉ R. ALMONTE
UNITED STATES MAGISTRATE JUDGE

Dated: February 9, 2023