**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| G&S BESHAY TRADING CO., LLC, | |
| Plaintiff, | Case No. 18cv3909 (EP) (JRA) |
| v. | **OPINION** |
| 7-ELEVEN, INC., | |
| Defendant, | |
| v. | |
| GEORGE BESHAY, | |
| Third-Party Defendant. | |

**PADIN, District Judge.**

Plaintiff G&S Beshay Trading Co. ("Beshay Co.") and Third-Party Defendant George Beshay (collectively, "Beshay Parties") ask this Court to reject Judge Jose R. Almonte's Report and Recommendation (D.E. 72), which recommended that this Court exercise supplemental jurisdiction over Defendant 7-Eleven's remaining counterclaims.  D.E. 70 ("R&R").  For the reasons below, the Court will **ADOPT** Judge Almonte's R&R.

## I.    BACKGROUND[1]

Beshay Co. filed a complaint against 7-Eleven on February 12, 2018, alleging multiple claims related to a franchise agreement between the parties.  *Id.* at 2.  7-Eleven properly removed the case to this Court on March 21, 2018, based on diversity jurisdiction and moved to dismiss all claims against it on March 28, 2018.  D.E. 1, 4.  Judge Esther Salas granted this motion on

---

[1] This information comes from the R&R and the parties' related position letters.

December 18, 2018.  D.E. 16.  Beshay Co. then amended its complaint on January 7, 2019.  D.E.

19.  7-Eleven asserted a compulsory counterclaim against Beshay Co. and a third-party claim

against George Beshay, Beshay Co.'s owner.  D.E. 20.

      After years of discovery and multiple status and settlement conferences, 7-Eleven moved

for summary judgment on all claims against it and all its counterclaims on January 24, 2020.  D.E.

35.  The Court granted summary judgment on the claims against 7-Eleven but denied as to the

counterclaims on May 20, 2022.  D.E. 60.  Consequently, the only claims remaining are 7-Eleven's

counterclaims against the Beshay Parties, totaling approximately $42,123.88 in damages.  R&R at

3.

      During the final pre-trial conference on November 30, 2022, the Beshay Parties argued that

this Court should decline to exercise supplemental jurisdiction over the remaining claims because

the amount in controversy now falls below the $75,000 requirement for diversity jurisdiction (28

U.S.C. § 1332(a)).  *Id.* at 1, 3.  In the R&R, Judge Almonte recommended that this Court exercise

supplemental jurisdiction.  *See id.*  The Beshay Parties challenge the R&R and request that this

case be remanded to state court.  D.E. 72.  This Court will now determine whether to adopt the

R&R.

## II.   STANDARD OF REVIEW

      When a party objects to a magistrate judge's report and recommendation, the Court "shall

make a *de novo* determination of those portions . . . to which objection is made and may accept,

reject, or modify, in whole on in part, the findings of recommendations made by the Magistrate

Judge."  L.Civ.R. 72.1(2).

### III.    ANALYSIS

Here, the Beshay Parties challenge the R&R's sole issue and recommendation: that this Court should exercise supplemental jurisdiction.  *See* D.E. 71 ("Beshay Parties' Opp'n").  The Court will apply *de novo* review.  *See* L.Civ.R. 72.1(2).

Federal district courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."  28 U.S.C. § 1332(a).   When "the district court has dismissed all claims over which it has original jurisdiction," it "*may* decline to exercise supplemental jurisdiction" over the remaining claims.  *Id.* § 1367(c)(3) (emphasis added).  "[E]vents occurring subsequent to the filing of the complaint that reduce the amount in controversy below the statutory limit do not oust the court's jurisdiction."  *Nationwide Mut. Fire Ins. Co. v. T&D Cottage Auto Parts and Serv., Inc.*, 705 F.2d 685, 688 (3d Cir. 1983); *see also St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938) (same).  Rather, courts have discretion as to whether to exercise supplemental jurisdiction over the remaining claims.  *Williams v. Newark Beth Israel Med. Ctr.*, 322 Fed. App'x 111, 112-13 (3d Cir. 2009).  In making this determination, courts look to what "best serves the principles of [(1)] judicial economy, [(2)] procedural convenience, [(3)] fairness to litigants, and [(4)] comity."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).

The Court considers these factors and finds they favor adopting the R&R.

*First*, exercising supplemental jurisdiction promotes judicial economy.  This case is five years old and ripe for trial.  Multiple motions have been briefed and decided.  And discovery is complete.  *See, e.g.*, *Charran v. Saul*, 509 F. Supp. 3d 80, 83 (D.N.J. 2020) (finding that "further delay" of a case that had "been pending for nearly two years" did not promote judicial economy).

*Second*, exercising supplemental jurisdiction is the most procedurally convenient, as five years' worth of pre-trial procedure is completed, including discovery, motions, conferences, and the pre-trial order. R&R at 2. At this stage, remanding to state court, rather than simply proceeding to trial, would further delay the already lengthy proceedings. *See, e.g.*, *Morgenstern v. Pa. Convention Ctr. Auth.*, 2011 WL 13217175, at *2 (E.D. Pa. Dec. 14, 2011) (exercising supplemental jurisdiction where the "case ha[d] been pending in th[at] [c]ourt for nearly four years" and discovery was complete).

*Third*, the Beshay Parties fail to show that keeping the case in this Court is unfair. The Court can proceed to trial and adjudicate the state law claims, which the Beshay Parties admit "are not complex . . . ." D.E. 71 ("Beshay Parties' Opp'n") at 1. However, it would be unfair to drag 7-Eleven back to state court after five years simply because the claims Beshay Co. brought against it were dismissed on the merits. *See, e.g.*, *Saul*, 509 F. Supp. 3d at 83 (finding unfairness favored the nonmoving party when not continuing a two-year-old case would cause "further delay" and the moving party did not "point to any hardship or inequity that [w]ould result" if the case continued).

*And finally*, the principle of comity does not weigh against exercising supplemental jurisdiction. The comity doctrine "reflects a proper respect for state functions . . . and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways." *Levin v. Com. Energy, Inc.*, 560 U.S. 413 421 (2010) (internal quotations omitted). The Beshay Parties fail to demonstrate how exercising supplemental jurisdiction would disrespect or hinder state functions, especially given their concession that the state claims are not complex. *Contra United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1996) (noting comity favors remand when there is a

4

concern that if the case remains in federal court, the parties will not "procur[e] . . . a surer-footed reading of [the] applicable [state] law").

The Beshay Parties' arguments otherwise are unconvincing.  In support, they argue that "[t]here are voluminous cases in federal court," "[a] district court has the responsibility to manage complex litigation[,]" the state law claims here "are not complex," and "[n]umerous judges and magistrates have been assigned to this matter."  Beshay Parties' Opp'n at 1.  However, these arguments fail to address any of the factors relevant to this Court's exercise of discretion.

The cases the Beshay Parties cite also do not support remand.  As 7-Eleven highlights, the cases are not factually similar.  *See* D.E. 73 at 2-3; *see, e.g.*, Beshay Parties' Opp'n at 2 (citing *Patel v. Meridian Health Sys. Inc.*, 666 Fed. App'x 133 (3d Cir. 2016), and *Trinity Indus., Inc. v. Chi. Bridge & Iron Co.*, 735 F.3d 131 (3d Cir. 2013)).  First, no case discussed a situation where the only remaining claims were a defendant's counterclaims.  If a plaintiff's claims remained, then fairness *could* favor returning the plaintiff back to their original choice of forum in state court. However, here, only Defendant 7-Eleven's counterclaims remain because Plaintiff Beshay Co.'s original claims were found to be meritless, and 7-Eleven wishes to remain in federal court.  Second, the Beshay Parties do not cite a case similarly this far developed.  This case is over five years old, which is an important factor in the Court's analysis of judicial economy, procedural convenience, and fairness.

## IV.    CONCLUSION

For the reasons stated herein, Judge Almonte's R&R will be **ADOPTED**.  An appropriate Order accompanies this Opinion.

Dated: May 31, 2023

Evelyn Padin, U.S.D.J.

5